IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH JASPER,                    )
                                  )
            Plaintiff,            )
                                  )
    v.                            )    No.  09 C 4445
                                  )
SAINT ANTHONY HOSPITAL,           )
                                  )
            Defendant.            )

## MEMORANDUM ORDER

In response to this Court's brief October 23, 2009 memorandum order ("Order"), Saint Anthony Hospital ("Hospital"), has filed its Answer and Affirmative Defenses ("ADs") to the Complaint brought against it by sole remaining plaintiff Joseph Jasper ("Jasper").  This memorandum order is issued sua sponte to address some problematic aspects of that responsive pleading.

To begin with, Answer ¶1 and AD 5 are wrong in characterizing Jasper's asserted untimeliness in initiating this action as "jurisdictional" under Title VII.  Untimeliness is a defense that may give rise to dismissal of a Title VII action, but such a flaw is not jurisdictional in nature.

Next, both Answer ¶¶9 and 33 properly invoke the disclaimer specified in Fed. R. Civ. P. ("Rule") 8(b)(5) as the predicate for a deemed denial, but each disclaimer is then followed by "and therefore denies that allegation."  That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as

to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from those paragraphs of the Answer.

Finally, several of the ADs do not conform to the principles set out in Rule 8(c) and the relevant caselaw--and see as well App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Here are the particulars:

   1. ADs 1, 2 and 3 do not, as is required, accept as true the allegations in Jasper's Complaint. Each of those ADs is therefore stricken.

   2. ADs 4 and 5, apart from their loose locution in employing the term "jurisdiction," are insufficiently informative in notice-pleading terms (defendants as well as plaintiffs are required to conform to notice pleading principles). If those ADs are to remain, Hospital's counsel must particularize what portions of Jasper's Complaint fail in the respects referred to in the ADs.

   3. AD 8 repeats Hospital's assertion of untimeliness, which was the subject of its earlier Rule 12(b)(6) motion to dismiss that the Order denied without prejudice. On that score there is no question that Jasper's July 23, 2009 filing of this action came on the 94th day after the April 20, 2009 date of EEOC's right-to-sue letter (Complaint Ex. C-1). But Hospital's Answer and ADs provide no

indication that Hospital has engaged in the further factual inquiry that the Order called for in conjunction with its without-prejudice denial of the motion to dismiss. That should plainly be the initial focus of discovery in this litigation.

Accordingly Hospital is ordered to correct the pleading errors identified in this memorandum order on or before November 30, 2009. It is further ordered to pursue active discovery to determine whether, as the law requires, Jasper filed this action within 90 days after his <u>receipt</u> of EEOC's right-to-sue letter. On or before the next status hearing date (already scheduled for December 21, 2009) this Court expects to be apprised as to what has been learned in that respect.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 18, 2009